UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANNI STEINER,<br><br>   Petitioner,<br><br> v.<br><br>DOUG WADDINGTON,<br><br>   Respondent. | Case No. C06-5143FDB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**AUGUST 18th, 2006** |

  This 28 U.S.C. § 2254 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4.

### INTRODUCTION AND SUMMARY CONCLUSION

  Petitioner challenges a 2003 Pierce County conviction by jury trial for one count of first degree child molestation, one count second degree child molestation and one count of third degree child molestation. Having reviewed the pleadings and the trial record in this case the court concludes petitioner's first two issues concerning sufficiency of the evidence and counsel allegedly making a "Golden Rule" argument are unexhausted and procedurally barred. In the alternative, these two

REPORT AND RECOMMENDATION- 1

issues are without merit. The third issue, regarding shifting the burden of proof, is without merit. The petition should be **DISMISSED**.

## FACTS

The Washington State Court of Appeals summarized the facts as follows:

> A.S. was born on March 20, 1987. On April 8, 2002, she told a Child Protective Services social worker, Destin Bailey, that Steiner had given her a "bad touch." When Bailey informed Steiner about the allegation, he seemed oddly calm, and he guessed that A.S. must be the one making the allegation. When Bailey interviewed him the next day, he seemed interested in whether A.S. was sexually active.
>
> On April 9, 2002, A.S. was examined by a nurse at Mary Bridge Children's Hospital. A.S. said that Steiner had touched her breasts, back, and belly, and sometimes had removed her bra. A.S. said this had occurred many times over a period of about three years. The exam did not yield any significant physical findings.
>
> On June 18, 2002, the State filed an information which, as later amended, alleged one count of first degree child molestation; one count of second degree child molestation; and one count of third degree child molestation.
>
> On January 28, 2003, a jury trial began. A.S. testified that beginning before she was 12, Steiner touched her breasts on several occasions. She told some friends, but she did not tell an adult until she spoke with Bailey on April 8, 2002.
>
> Three occasions are pertinent here. According to A.S.'s trial testimony, the first occurred when she was in the sixth grade and before she turned 12. She was watching television in his bedroom when he started to rub her shoulders. He then moved a hand to her breast and left it there, over her clothes, for about 20 seconds.
>
> The second occasion occurred after she turned 13. She was playing a Nintendo game in his bedroom when he put both hands on her breasts, underneath her clothing.
>
> The third occasion was when she was either 13 or 14. She had a stomachache, so she was again was[sic] in his bedroom watching television. He started giving her a backrub, then moved his hands around to her breasts. She was wearing only a nightgown, and the contact was against her skin.
>
> On February 5, 2003 Steiner was found guilty on all three counts. The court imposed concurrent sentences of 114, 67, and 41 months, and he brought this appeal.

(Dkt. # 11, Exhibit 3, Pages 1 and 2).

## PROCEDURAL HISTORY

Petitioner filed a direct appeal and raised the following issues:

1. THERE WAS INSUFFICIENT EVIDENCE TO CONVICT DEFENDANT OF THREE COUNTS OF CHILD MOLESTATION

REPORT AND RECOMMENDATION- 2

       (IN THE FIRST, SECOND, AND THIRD DEGREE).

  2. THE DEFENDANT WAS DENIED A FAIR TRIAL WHEN THE PROSECUTOR MADE A "GOLDEN RULE" ARGUMENT DURING HIS CLOSING ARGUMENT.

  3. THE STATE IMPROPERLY SHIFTED ITS BURDEN OF PROOF TO DEFENDANT WHEN DURING CLOSING ARGUMENT IT CLAIMED TO NOT HAVE TO PROVE SEXUAL GRATIFICATION.

(Dkt. # 11, Exhibit 4, page I). The court has carefully examined the petitioners opening brief on direct appeal. This brief does not raise either the first or second issue specifically as a violation of a federally protected Constitutional right. The Washington State Court of Appeals affirmed the conviction. (Dkt. # 11, Exhibit 3).

  Petitioner filed a motion for discretionary review and raised the following issues:

  1. Whether sexual purpose is required in a prosecution for child molestation involving a caretaker?

  2. Whether the Court of Appeals when finding error in a prosecutor's closing argument, used the improper standard of review when the argument resulted in a shifting of the State's burden of proof?

  3. Whether the Court of Appeals committed error in finding that the "Golden Rule" argument in a criminal case was not improper?

(Dkt. # 11, Exhibit 9, page I). Review was denied without comment. (Dkt. # 11, Exhibit 10). Petitioner did not pursue a state collateral challenge to his conviction or sentence.

  This Federal Habeas Corpus was then filed. Petitioner raises three grounds for review:

  1. Sufficiency of the evidence.

  2. The prosecutor made an improper "Golden Rule" argument.

  3. The prosecutor's closing argument improperly shifted the burden of proof.

(Dkt. # 1).

## EVIDENTIARY HEARING

  If a habeas applicant has failed to develop the factual basis for a claim in state court, an evidentiary hearing may not be held unless (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously

REPORT AND RECOMMENDATION- 3

unavailable, or there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996). Petitioner's claims rely on established rules of constitutional law.  Further, petitioner has not set forth any factual basis for his claims that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. Therefore, petitioner is not entitled to an evidentiary hearing.

## STANDARD

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension.  Engle v. Isaac, 456 U.S. 107 (1983).  Section 2254 is explicit in that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a)(1995).  The Supreme Court has stated many times that federal habeas corpus relief does not lie for errors of state law.  Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984); Estelle v. McGuire, 502 U.S. 62 (1991).

Further, a habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts.  28 U.S.C. §2254(d).  A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. §2254(e)(1).

REPORT AND RECOMMENDATION- 4

# DISCUSSION

A.   <u>Exhaustion</u>.

In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented to the state's highest court. <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir. 1985). A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of prisoners' federal rights. <u>Duncan v. Henry</u>, 513 U.S.364, 115 S.Ct. 887, 888 (1995). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. <u>Id</u>, *citing* <u>Picard v. Connor</u>, 404 U.S. 270 (1971) and <u>Anderson v. Harless</u>, 459 U.S. 4 (1982).

Respondent contends the first and second grounds for review in this petition were not properly exhausted and are now procedurally barred. (Dkt. # 10, pages 3 and 4). Respondent states:

> Steiner failed to exhaust his first and second habeas claims, regarding insufficient evidence and the prosecutor's golden rule argument, because he did not invoke one complete round of the state's established appellate review process with regard to those claims. Although he raised his first claim on federal grounds in the Washington Court of Appeals, he did not raise it on federal grounds in the Washington Supreme Court. And he did not raise his second claim on federal grounds in either court.

(Dkt. # 10, pages 3 and 4). The court has reviewed the opening brief sent to the Washington Court of Appeals. (Dkt. # 11, Exhibit 4). Contrary to respondent's assertions, petitioner does not raise either of the first two issues; the sufficiency of the evidence or argument regarding the "Golden Rule" as Federal Claims. He does not cite to the United States Constitution and he does not place the Washington State Court of Appeals on notice that a claim involving a Federal Constitutional right is at issue. (Dkt. # 11, Exhibit 2, pages 1 to 24).

Petitioner did present his third claim, prosecutor improperly shifting the burden of proof, as a federal claim. The petitioner stated:

> It is respectfully argued that this argument relieved the State of its burden of proof in violation of the Fifth Amendment of the Constitution....

REPORT AND RECOMMENDATION- 5

(Dkt. #11, Exhibit 4, page 25).  This placed the Washington State Court of Appeals on notice that a federally protected Constitutional right was at issue.

Petitioner's motion for discretionary review again addresses only one issue as being a Federally protected right.  Petitioner mentions the concept of due process in his argument concerning shifting the burden of proof.  (Dkt. # 11, Exhibit 9, page 13), Further, petitioner states:

> The problem with this approach is that the result of the State's misconduct was that appellant was "forced to assume the State's burden of proof."  This is a violation of the appellants due process of law rights guaranteed by the 5th and 14th Amendments of the United States Constitution, and by Article 4, Section 16 of our State Constitution.

(Dkt. 11, Exhibit 9, page 14).  Thus, petitioner properly exhausted his third claim by bringing it as a federal claim at every stage of review.  The first and second claim are unexhausted

B.      Procedural Bar.

Normally, a federal court faced with an unexhausted petition dismisses the petition without prejudice, so that the petitioner has an opportunity to exhaust the claims in state court.  Now, however, petitioner is barred from filing another petition in state court as any attempt to file another petition will be deemed time barred.  See, RCW 10.73.090.

Federal Courts generally honor state procedural bars unless it would result in a "fundamental miscarriage of justice." or petitioner demonstrates cause and prejudice.  Coleman v. Thompson, 501 U.S. 722, 750 (1991).  Petitioner here cannot show cause and prejudice in state court.

To show cause in federal court petitioner must show that some objective factor external to the defense prevented petitioner from complying with state procedural rules relating to the presentation of his claims. McCleskey v. Zant, 499 U.S. 467, 493-94 (1991). Here, petitioner simply failed to raise his issues as federal claims at each stage of review in state court. Thus, petitioner cannot show cause that excuses his procedural default in state court.  Accordingly, the first and second grounds are procedurally defaulted and should not be considered.

C. In the alternative neither of these grounds has merit.

1.      Sufficiency of the Evidence.

As to the first incident A.S. testified petitioner was giving her a shoulder rub while she

REPORT AND RECOMMENDATION- 6

watched television. One of his hands moved to her breast on the outside of her clothes and stayed there for approximately twenty seconds. She then got up and left the room. (Dkt. # 11, Exhibit 15, page 103 to 104).

With regards to the second incident A.S. testified that while she was playing a video game petitioner placed both hands on her breasts, underneath her clothes. (Dkt. # 11, Exhibit 15, page 105 to 108). As to the final incident A.S. testified petitioner was giving her a backrub with his hands under her nightgown and he moved his hands to her breasts. (Dkt. # 11, Exhibit 15, pages 108 to 110).

The Washington State Court of Appeals considered petitioner's claim and held:

> Evidence is sufficient if a rational trier of fact taking it in the light moist favorable to the prosecution could find, beyond a reasonable doubt, each element of each crime charged. Matters of credibility are for the jury to decide. Each of the crimes charged here required proof of "sexual contact," which is defined as "any touching of the sexual or intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party."
>
> A.S. Testified that on at least three occasions, Steiner had touched her breasts. It was the jury's task to determine whether A.S. was credible, or whether she was too "troubled" to be credible. From the details she gave, the jury could readily have inferred, and thus was permitted but not required to infer, that Steiner's purpose was sexual gratification. Nothing in *Tilton* or *Powell* contravenes these conclusions. Viewing the evidence in the light most favorable to the State, we hold it is sufficient to support the convictions.

(Dkt. # 11, Exhibit 3, page 3 and 4)(footnotes omitted). The state court's ruling is not a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court. Nor is the state court's ruling a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. This issue fails on the merits as well as being unexhausted.

2.  The "Golden Rule" Argument.

An argument that asks the jury to place itself in the position of one of the parties to the litigation is generally considered improper because it asks the jury to decide the case based on emotion rather than facts or the law. This type of argument is often referred as a "Golden Rule"argument.

REPORT AND RECOMMENDATION- 7

In closing argument the prosecutor stated:

> **You are the sole judges of credibility**. This is a case about courage. [A.S.] had the courage to do what society tells our children to do, what your daughters, your nieces, your granddaughters, youth in our society are told to do. If somebody touches you in a bad way, you report it. You tell the truth.

(Dkt. # 11, Exhibit 3, page 4)(footnotes omitted)(emphasis added). Petitioner did not place the entire statement before the reviewing state courts and in both the opening brief and motion for discretionary review petitioner deleted the first sentence from the prosecutor's statement. Petitioner alleges the prosecutor said:

> This is a case about courage. [A.S.] had the courage to do what society tells our children to do, what your daughters, your nieces, your granddaughters, youth in our society are told to do. If somebody touches you in a bad way, you report it. You tell the truth.

(Dkt. # 11, Exhibits 4 and 9). The Washington State Court of Appeals court considered the argument in proper context and found the prosecutor was not making a "Golden Rule" argument, was not asking the jury to place itself in the position of any party to the litigation, and that the prosecutor was properly arguing the credibility of a witness. (Dkt. # 11, Exhibit 3, pages 4 and 5).

The state court's ruling is not a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court. Nor is the state court's ruling a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. This issue fails on the merits as well as being unexhausted.

D.    <u>Shifting the burden of proof.</u>

In closing argument defense counsel argued that over the course of three years there were only six alleged incidents and if the defendant was guilty there would be more. In response to defense counsel's closing argument the prosecutor stated:

> Mr. Kawamura next argues that, hey, it only happened six times in three years. Can't be true. He only touched her six times in three years with unlimited access to her. Well, we can't begin to understand what goes on in the mind of somebody who molests their daughter. We can't begin to understand when he decides he's going to get sexual gratification from touching his twelve-year-old daughter's breasts. Maybe he has to be in the mood. Maybe he has to be in the mood and the other family members have to be out of the room. Maybe all sorts of things that we can't possibly begin to explain. We can't possibly know why he chose four times, six times, or

REPORT AND RECOMMENDATION- 8

numerous times.  We can't possibly know that, **nor does the state need to prove to you why he did it or why he limited it to a number of occasions rather than every day, twice a day.  We don't have to prove that.**

(Dkt. # 11, Exhibit 17, pages 287 and 288)(emphasis added).  The Washington State Court of Appeals found half of the prosecutors statement, [that the state did not have to prove why there were only a certain number of incidents], was a proper response to defense counsels closing.  (Dkt. # 11, Exhibit 3, page 5).  The court found the other half of the argument, [that the state did not need to prove "why he did it"], to be improper and the court then engaged in a harmless error analysis and determined the error was harmless as the jury was properly instructed and was told to disregard any comment that was not supported by the evidence or the law as stated by the court.  (Dkt. # 11, exhibit 3, page 5).

The court indicated the "four-word comment [why he did it] could not have been harmful in the overall context of the trial, but even if one assumes it was, it was not 'so flagrant and ill intentioned that it evinces an enduring and resulting prejudice that could not have been neutralized by an admonition to the jury.'"  (Dkt. # 11, Exhibit 3, page 5 and 6).

This court agrees that even if the statement was error, the statement is subject to a harmless analysis review.  The Washington State Court of Appeals conducted the proper review and noted, the state was required to prove the improper touches were for sexual gratification.  (Dkt. # 11, Exhibit 3, page 5).  In reviewing this issue the Washington State Court of Appeals noted there was no objection to the prosecutor's statement, the trial court clearly instructed the jury they could convict only if they found Steiner had acted for the purpose of sexual gratification.  Further, the Washington State Court of Appeals noted the jury was instructed to "[d]isregard any remark, statement or argument that is not supported by the evidence or the law as stated by the court."  (Dkt. # 11, Exhibit 3, page 5). The Washington State Court of Appeals concluded the error was harmless.  The ruling is well supported by the record.

The Washington State Court of Appeals ruling is not a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court.  Nor is the state court's ruling a decision that was based on an unreasonable

REPORT AND RECOMMENDATION- 9

determination of the facts in light of the evidence presented to the state courts. This issue fails on the merits.

No issue in this petition warrants relief.  Accordingly, this petition should be **DISMISSED WITH PREJUDICE.**  A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 18th, 2006**, as noted in the caption.

Dated this 1st day of August, 2006.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION- 10