UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANNI STEINER,

    Petitioner,

    v.

DOUG WADDINGTON,

    Respondent.

Case No. C06-5143 FDB

ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

    Petitioner has filed a motion for assignment of counsel and leave to proceed *in forma pauperis* on appeal of the above entitled petition for habeas corpus. The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915, requires that prisoners who bring civil actions or appeals from civil actions must "pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Prisoners who are unable to pay the full amount of the filing fee at the time that their actions or appeals are filed are generally required to pay part of the fee and then to pay the remainder of the fee in installments. 28 U.S.C. § 1915(b).  A court may authorize a petitioner to prosecute an action in federal court without prepayment of fees or security if the petitioner submits an affidavit showing he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a).   The affidavit must include a statement of all assets such prisoner possesses and that the person is unable to pay such fees or give security

ORDER - 1

therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress. 28 U.S.C. § 1915(a)(1). A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. 28 U.S.C. § 1915(a)(2).

Petitioner Steiner has not filed an affidavit showing he is unable to pay the filing fees, nor submitted a certified copy of any trust fund account for the six months proceeding the filing of the notice of appeal. Petitioner's motion to proceed *in forma pauperis* on appeal is denied.

Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See <u>Nevius v. Sumner</u>, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

ACCORDINGLY,

IT IS HEREBY ORDERED:

1. Plaintiffs' application to proceed in forma pauperis [Dkt #18] is **DENIED**.

2. Plaintiff' motion for appointment of counsel on appeal [Dkt. #18] is **DENIED**.

DATED this 24th day of October, 2006

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2